[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10233

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACETA ANYA STREETER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00076-TJC-LLL-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jaceta Streeter, a federal prisoner proceeding *pro se*, appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 519 ("First Step Act"), arguing that the court abused its discretion in its weighing of the 18 U.S.C. § 3553(a) factors and determining that no extraordinary and compelling circumstances warranted her release.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

Generally, district courts do not have the authority to modify a term of imprisonment once it has been imposed, but they may do so within the limited circumstances provided by § 3582(c). 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights

> to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, under the First Step Act, a district court may reduce a term of imprisonment for "extraordinary and compelling reasons," consistent with relevant Sentencing Commission policy statements, but only after considering the factors set forth in § 3553(a) to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction." *Tinker*, 14 F.4th at 1237. The absence of any one of the necessary conditions—support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction. *Id*. at 1237-38. In other words, a court may not grant a defendant's motion for compassionate release unless the § 3553(a) factors favor it. *See id*. at 1237. Among other factors, § 3553(a) lists the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote

respect for the law, and provide just punishment; and the need to afford adequate deterrence to criminal conduct, protect the public from the defendant, and provide the defendant with necessary training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(1)-(2). If a defendant fails to show that the § 3553(a) factors justify a sentence reduction, the court may end its analysis there. *See Giron*, 15 F.4th at 1348. Additionally, nothing on the face of § 3582(c)(1)(A) requires a district court to conduct the compassionate release analysis in any particular order. *Tinker*, 14 F.4th at 1240.

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. We have previously held that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" *United States v. Bryant*, 996 F.3d 1243, 1249 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition; (B) the defendant's age; (C) the defendant's family circumstances; and (D) "Other Reasons." U.S.S.G. § 1B1.13, comment. (n.1(A)-(D)). Subsection D serves as a catch-all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, comment. (n.1(D)). The defendant's own medical condition qualifies as an

extraordinary and compelling reason for compassionate release if he or she is "suffering from a serious mental or physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, comment. (n.1(A)). Moreover, the incapacitation of the caregiver of a defendant's minor child also qualifies as an extraordinary and compelling reason for a sentence reduction. *Id.*, comment. (n.1(C)(i)). While Application Note 1(C)(i) does not require the defendant to show the unavailability of another caregiver, the availability of one may inform the exercise of the district court's discretion. *See Harris*, 989 F.3d at 911 ("Because [§ 3582(c)(1)(A)] speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one."). Nevertheless, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). When a district court considers the § 3553(a) factors, it need not explicitly discuss each of them or state on the record that it has explicitly considered each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Here, the district court did not abuse its discretion in its consideration of the relevant § 3553(a) factors, nor in its allocation of more weight to certain factors—namely the seriousness of Streeter's offense, her extensive criminal history and evidence of her high risk of recidivism, and the need to promote respect for the law and afford adequate deterrence—over others. *Tinker*, 14 F.4th at 1237. While the court was not required to continue its analysis upon determining that the § 3553(a) factors did not favor Streeter's release, *see Giron*, 15 F.4th at 1348, it nevertheless additionally found that no extraordinary and compelling circumstances warranting her release were present because she did not show that J.W.'s caregivers were incapacitated, nor did she show that she was the only other available caregiver for him if they were. For these reasons, the district court properly denied Streeter's motion for compassionate release. We therefore affirm.

**AFFIRMED.**